IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN C. DILLARD,                     )      Case No.:
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )      NOTICE OF REMOVAL
                                     )
STATE FARM FIRE AND CASUALTY         )
COMPANY, a foreign corporation,      )
                                     )
        Defendant.                   )

COMES NOW the Defendant State Farm Fire and Casualty Company, in accordance with 28 U.S.C. §1332 and 1441, *et. seq.*, and LR 81, hereby gives notice of removal of this matter to the United States District Court for the District of Nebraska, and in support thereof, states:

1.      On June 27, 2014, the above captioned action was filed against defendant in the District Court of Douglas County, Nebraska and is now pending there under the name and style of John Dillard, Plaintiff vs State Farm Fire and Casualty Company, Defendant, Case No.: CI 14-5208.

2.      On or about June 30, 2014, Summons and Complaint in this action were served upon defendant, copies of which are attached hereto as Exhibits "A" and "B". They are incorporated by this reference.

3.      The Plaintiff is a resident of the State of Nebraska.

4.      The Defendant is a corporation incorporated under the laws of Illinois with its principal place of business in the State of Illinois.

5.      The United States District Court has original jurisdiction of this cause of action pursuant to 28 U.S.C. §1332, inasmuch as complete diversity of jurisdiction exists

between plaintiff and defendant.

6.     The matter in controversy, upon information and belief, exceeds the sum of $75,000.00, exclusive of costs and interest.

7.     Defendant desires to exercise its rights under the provisions of 28 U.S.C. §1332 and 1441 *et. seq.*, to remove this action from the District Court of Douglas County, Nebraska to the United States District Court for the District of Nebraska.

8.     This Notice of Removal has been filed with this Court within thirty days after receipt of the Summons and Complaint by defendant.

9.     No further pleadings or papers regarding the Nebraska state court action have been served on the defendant and no further proceedings have been had in the District Court of Douglas County, Nebraska.

10.     Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

11.     A copy of the Notice of Removal will be filed with the Clerk of the District Court for Douglas County, Nebraska, as provided by law.

12.     Copies of all process, pleadings and orders filed with the Clerk of the District Court of Douglas County, Nebraska are attached hereto as Exhibits "A", "B", "C" and "D".

13.     A list of all matters pending in the state court that will require resolution by this court, with the papers relating to the matters electronically filed attached to the list: There are no matters pending in the state court that will require resolution by this court.

14.     The names of counsel and the law firms that have appeared in the state

court, with their office addressed, telephone numbers and e-mail address (if available)

and the names of the parties they represent are:

Edward F. Noethe, Attorney for Plaintiff
McGinn, McGinn, Springer & Noethe
20 North 16th Street
Council Bluffs, IA 51501
Telephone:     712-328-1566
Fax:             712-328-3707
e-mail:         enoethe@mcginnlawfirm.com

WHEREFORE, Defendant prays that this action be removed to this Court, that

this Court accept jurisdiction of this action, that this action be placed on the docket of this

Court, and requests that Omaha, NE be the place of further proceedings, the same as

though this action had been originally instituted in this Court.

> STATE FARM FIRE AND CASUALTY
> COMPANY, Defendant
> Plaintiff,

BY:    /s/____Betty L. Egan_____
        Richard C. Gordon, #11549
        Betty L. Egan #16550
        OF WALENTINE, O'TOOLE,
        MCQUILLAN & GORDON
        P O BOX 540125
        11240 Davenport St.
        Omaha NE  68154-0125
        (402) 330-6300; (402) 330-6303 (fax)

## CERTIFICATE OF SERVICE

It is hereby certified that on the 28th day of July, 2014, a true and correct copy of the above document was mailed by regular U.S. Mail, postage prepaid, to the below-listed attorney(s) of record:

Edward F. Noethe
McGinn, McGinn, Springer & Noethe
20 North 16th Street
Council Bluff, IA 51501

/s/_____Betty L. Egan_____

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI140005208
Transaction ID: 0001407494
Filing Date: 06/27/2014 01:36:53 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| JOHN D. DILLARD, | ) | DOC. _____  NO. _____ |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT** |
| STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation, | ) | |
| Defendant. | ) | |

Comes now Plaintiff John D. Dillard and for his Complaint against the Defendant State Farm Fire and Casualty Company states and alleges as follows:

1.  Plaintiff John Dillard is a resident of Omaha, Douglas County, Nebraska.

2.  Defendant State Farm Fire and Casualty Company is a foreign corporation engaged in the selling of insurance including insurance products in Omaha, Douglas County, Nebraska.

3.  On or about May 24, 2012 the Plaintiff John D. Dillard purchased an insurance policy, policy no. 97-BJ-R123-3, concerning a property he had recently purchased commonly known as 4912 North 15th Street, Omaha, Douglas County, Nebraska.  A copy of the policy is attached, marked as Exhibit "1" and incorporated herein by reference.

4.  The policy was a stated value policy which had a coverage limit on the dwelling of $80,000.00.

5.  The policy also contained personal property coverage with a limit of $4,000.00.

6.  On or about May 30, 2012 a fire destroyed the house in question and

**EXHIBIT**
*A*

destroyed personal property.

7.    The insurance policy provided coverage for the loss caused by the fire.

8.    The Plaintiff John Dillard has complied with all required conditions of the insurance policy.

9.    Demand has been made upon the Defendant State Farm Fire and Casualty Company but the Defendant has refused to pay for the loss.

10.    Defendant State Farm Fire and Casualty Company has breached the insurance policy by failing to pay for the loss as covered under the insurance policy.

11.    Plaintiff is entitled to an attorney fee under Neb. Rev. Stat. 44-359.

Wherefore, Plaintiff John D. Dillard prays for judgment in his favor and against the Defendant State Farm Fire and Casualty Company for his damages, attorney fees, costs and interest as allowed by law.

JOHN D. DILLARD, Plaintiff,

EDWARD F. NOETHE, #18377
McGinn, McGinn, Springer & Noethe
20 North 16th Street
Council Bluffs, IA 51501
Telephone: 712-328-1566
Facsimile: 712-328-3707
Email: enoethe@mcginnlawfirm.com
ATTORNEY FOR PLAINTIFF

 **StateFarm™**

## Certified Policy Record

I, the undersigned, do hereby confirm that I am custodian of the records pertaining to the issuance of policies by State Farm Fire and Casualty Company.

I certify that the attached documents represent a true and accurate record of the terms and conditions of Policy Number 97-BJ-R123-3 including any endorsements and/or inserts, if applicable, for the policy term(s) 5/24/2012 to 5/24/2013 and insuring DILLARD, JOHN D of 4938 N 15TH ST, OMAHA NE 68110-1436 with a risk location of 4912 N 15TH ST , OMAHA NE 68110-1436 based on available records.

The following endorsements and/or inserts are included:
FP /8103/3 SPECIAL FORM
FE /8227/3 AMENDATORY END
FE /7540 DEBRIS REMOVAL
FE /5727 FUNGUS EXCL
FE /5861 ACV DEPRECIAT
FE /5801 REPORTING END

The policy was in effect on the loss date of 05/30/2012.
The policy was cancelled effective 08/18/2012.

Connie Wenzl
Leadership Development Associate



1004516

2000  143551  200  03-21-2012

STATE FARM FIRE AND CASUALTY COMPANY
A Stock Company with Home Offices in Bloomington

*P.O. Box 82542, Lincoln NE 68501-2542*

DECLARATIONS PAGE   AMENDED MAY 24 2012

| Policy Number | 97-BJ-R123-3 |
|---|---|

| Policy Period: | Effective Date: | Expiration Date: |
|---|---|---|
| 12 Months | MAY 24 2012 | MAY 24 2013 |

The policy period begins and ends at 12:01 AM standard time at the residence premises.

Named Insured

F-06-9623-FB2D

DILLARD, JOHN D
4938 N 15TH ST
OMAHA NE  68110-1436

Mortgagee
JOHN DILLARD
4912 N 15TH ST
OMAHA NE  68110-1436

## RENTAL DWELLING POLICY - SPECIAL FORM 3

**Automatic Renewal** - If the **policy period** is shown as **12 months**, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give **you** and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

Location of Premises:
4912 N 15TH ST
OMAHA NE  68110-1436

Named Insured: Individual

| Coverages & Property | Limits of Liability | |
|---|---|---|
| **SECTION I** | | |
| A   Dwelling | $ | 80,000 |
|      Dwelling Extension | $ | 8,000 |
| B   Personal Property | $ | 4,000 |
| C   Loss of Rents | $ | Actual Loss |
| **SECTION II** | | |
| L   Business Liability | | |
|      (Each Occurrence) | $ | 300,000 |
|      Annual Aggregate | $ | 600,000 |
| M   Medical Payments | | |
|      (Each Person) | $ | 1,000 |

Inflation Coverage Index:   222.9
Deductibles - Section I
BASIC                                            $      1,000

In case of loss under this policy, the deductibles will be applied per occurrence and will be deducted from the amount of the loss. Other deductibles may apply - refer to your policy.

| Forms, Options & Endorsements | | Policy Premium | $ | 683.00 |
|---|---|---|---|---|
| Special Form 3 | FP-8103.3 | | | |
| Amendatory Endorsement | FE-8227.3 | | | |
| Debris Removal Endorsement | FE-7540 | | | |
| Fungus Exclusion | FE-5727 | | | |
| Actual Cash Value Endorsement | FE-5861 | | | |
| Mandatory Reporting Endorsement | FE-5801 | | | |

———————— Other Limits and exclusions may apply - refer to your policy ————————

Your policy consists of this page, any endorsements and the policy form. Please keep these together.

FP-8001.3C
MAS                           Prepared  Aug 05 2013

Ron Niederhaus
402-333-5104

FE-8227.3
Page 1 of 2

# AMENDATORY ENDORSEMENT
## (Nebraska)

## SECTION I – CONDITIONS

The following Condition is added:

**Real Property.** When this policy is written to insure any real property in the state of Nebraska against loss by fire, lightning, tornado, windstorm or explosion, and the property insured is wholly destroyed without criminal fault on the part of any **insured** or their assignee:

a. in consideration of the premium charged, the amount of insurance written on such real property:

   (1) will be one of the following:

     (a) the cost to repair or replace the destroyed property subject to Section I – Loss Settlement provisions, while such real property is under construction and until the dwelling is completed and approved for occupancy; or

     (b) the applicable Coverage A limit of liability shown in the **Declarations**, once the dwelling is completed and approved for occupancy; and

   (2) will be taken conclusively to be the true value of the property insured and the true amount of loss and measure of damages; and

b. our payment may exceed the amount of insurance written on such real property if **Option ID – Increased Dwelling Limit** is shown in the **Declarations**.

**Appraisal** is replaced with the following:

**Appraisal.** If you and we fail to agree on the amount of loss, either one can request an appraisal of the loss. However, both parties must agree to the appraisal. In this event, each party shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of their written agreement to the appraisal. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agree upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss.

Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

**Loss Payment**, reference to "60 days" is changed to "30 days".

## SECTION II – CONDITIONS

**Other Insurance – Coverage L – Business Liability** is replaced with the following:

**Other Insurance – Coverage L – Business Liability.** You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this coverage. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable limit of liability under this coverage bears to the limits of insurance of all insurance covering on the same basis.

## SECTION I AND SECTION II – CONDITIONS

**Concealment or Fraud** is replaced with the following:

**Concealment or Fraud.** No misrepresentations or warranty made by the **insured** or on his behalf in the negotiation or application for this policy shall defeat or void the policy or effect our obligation under the policy unless such misrepresentation or warranty:

a. was material;

b. was made knowingly with the intent to deceive;

c. was relied and acted upon by us; and

d. deceived us to our injury.

The breach of a warranty or condition in this policy shall not void the policy or allow us to avoid liability unless such breach exists at the time of the loss and contributes to the loss.

This policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance after a loss.

**Cancellation** paragraph b. is replaced with the following:

b. We may cancel this policy only for the reasons stated in this condition. We will notify you in writing of the reason for cancellation and the date cancellation takes effect. This cancellation notice

CONTINUED

FE-8227.3
Page 2 of 2

will be mailed to you at your mailing address shown in the Declarations. If sent by first-class mail, a United States Postal Service certificate of mailing shall be sufficient proof of receipt of notice on the third calendar day after the date of certificate:

(1) When you have not paid the premium, we may cancel at any time by notifying you at least 10 days before the date cancellation takes effect. This condition applies whether the premium is payable to us or our agent or under any finance or credit plan.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason. We may cancel by notifying you at least 60 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

(a) if there has been a material misrepresentation of fact which, if known to us, would have caused us not to issue this policy;

(b) if the risk has changed substantially since the policy was issued;

(c) if an Insured has submitted a fraudulent claim;

FE-8227.3

(d) if an Insured violates any of the terms or conditions of the policy;

(e) upon certification to the Director of Insurance of loss of reinsurance by us which provided coverage to us for all or a substantial part of the underlying risk insured; or

(f) upon determination by the director that the continuation of the policy could place us in violation of the insurance laws of this State.

We may cancel this policy by notifying you at least 60 days before the date cancellation takes effect.

(4) When this policy is written for a period longer than one year, we may cancel for any reason at anniversary. We may cancel by notifying you at least 60 days before the date cancellation takes effect.

Non-Renewal is replaced with the following:

Non-Renewal. We may elect not to renew this policy. If we elect not to renew, a written notice will be mailed to you at your mailing address shown in the Declarations. The notice will state the reason for non-renewal and will be mailed at least 60 days before the expiration date of this policy. If sent by first-class mail, a United States Postal Service certificate of mailing shall be sufficient proof of notice on the third calendar day after the date of certificate.

FE-7540
(9/89)

## DEBRIS REMOVAL ENDORSEMENT

### SECTION I - ADDITIONAL COVERAGES

Debris Removal is replaced by the following:

1. **Debris Removal.** We will pay the reasonable expenses you incur in the removal of debris of covered property when coverage is afforded for the peril causing the loss. This expense is included in the limit applying to the damaged property.

   We will pay up to $500 in the aggregate for each loss to cover the reasonable expenses you incur in the removal of tree debris from the **residence premises** when the tree has damaged property covered under Coverage A.

   When the amount payable for the property damage plus the debris removal expense exceeds the limit for the damaged property, an additional 5% of that limit is available for debris removal expense.

All other policy provisions apply.

FE-7540
(9/89)

FE-5727

## FUNGUS (INCLUDING MOLD) EXCLUSION ENDORSEMENT

### DEFINITIONS

In all policies, the following definition is added:

"**fungus**" means any type or form of fungi, including mold or mildew, and any mycotoxins, spores, scents or byproducts produced or released by fungi.

### SECTION I - LOSSES NOT INSURED

In SPECIAL FORM 3 policies only, item 1.j. is replaced by the following:

j. rust, or wet or dry rot;

The following is added to item 2. of Losses Not Insured in SPECIAL FORM 3 policies or under Losses Not Insured in BASIC MODIFIED REPLACEMENT COST - FORM 1 policies:

Fungus, including the growth, proliferation, spread or presence of **fungus**, and including:

(1) any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the described premises or location of the rebuilding, repair or replacement of that property, by **fungus**;

(2) any remediation of **fungus**, including the cost or expense to:

(a) remove or clean the **fungus** from covered property or to repair, restore or replace that property;

(b) tear out and replace any part of the building or other property as needed to gain access to the **fungus**;

(c) contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the **fungus**; or

(d) remove any property to protect it from the presence of or exposure to **fungus**;

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of **fungus**, whether performed prior to, during or after removal, repair, restoration or replacement of covered property; or

(4) any increased cost caused by the presence of **fungus** to repair or replace covered property damaged by an otherwise covered loss.

### SECTION II - EXCLUSIONS

In all policies, the following exclusion is added to item 1.:

l. any:

(1) **bodily injury, personal injury,** or **property damage** arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any **fungus** at or from any source or location; or

(2) loss, cost or expense arising out of any:

(a) request, demand or order that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate or dispose of or in any way respond to or assess the effects of **fungus**; or

(b) claim or suit for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of **fungus**.

All other policy provisions apply.

FE-5861
Page 1 of 1

## ACTUAL CASH VALUE ENDORSEMENT
### (Depreciation)

Any loss settlement made on an actual cash value basis is subject to a deduction for depreciation.

FE-5861

 ## FE-5801 MANDATORY REPORTING ENDORSEMENT

The following **CONDITION** is added:

**Duties of an Injured Person – Coverage M – Mandatory Reporting.** The injured person, or, when appropriate, someone acting on behalf of that person, shall:

a.  provide us with any required authorizations; and

b.  submit to us all information we need to comply with state or federal law.

FE-5801

©, Copyright, State Farm Mutual Automobile Insurance Company, 2009

Image ID:
D00268609D01

**SUMMONS**

Doc. No.   268609

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

John D Dillard v. State Farm Fire & Casualty Co.

Case ID: CI 14    5208

TO:  State Farm Fire & Casualty Co.

**FILED BY**

Clerk of the Douglas District Court
06/27/2014

You have been sued by the following plaintiff(s):

    John D Dillard

Plaintiff's Attorney:      Edward F Noethe
Address:                   20 North 16th Street
                           Council Bluffs, IA 51501-2501

Telephone:                 (712) 328-1566

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JUNE 27, 2014        BY THE COURT:    John M. Friend
                                                    Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        State Farm Fire & Casualty Co.
        c/o Dean Van Loon
        222 South 84th Street
        Lincoln, NE 68510

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.



EXHIBIT
B

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI140005208
Transaction ID: 0001407494
Filing Date: 07/28/2014 01:36:53 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| JOHN D. DILLARD, | ) | DOC. _____ NO. _____ |
| Plaintiff, | ) | |
| vs. | ) | **PRAECIPE** |
| STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation, | ) | |
| Defendant. | ) | |

TO CLERK OF SAID COURT:

Please issue summons for service upon the Defendant State Farm Fire and

Casualty Company for service by registered mail upon its registered agent:

> Dean Van Loon
> 222 South 84th Street
> Lincoln, NE 68510-2691

Summons to be emailed to the undersigned.

JOHN D. DILLARD, Plaintiff,

EDWARD F. NOETHE, #18377
McGinn, McGinn, Springer & Noethe
20 North 16th Street
Council Bluffs, IA 51501
Telephone: 712-328-1566
Facsimile: 712-328-3707
Email: enoethe@mcginnlawfirm.com
ATTORNEY FOR PLAINTIFF

EXHIBIT
C

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI140005208
Transaction ID: 0001428938
Filing Date: 07/07/2014 03:08:54 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

JOHN D. DILLARD,       )

      Plaintiff,       )

      )

vs.       )

      )

STATE FARM FIRE AND CASUALTY
COMPANY, a foreign corporation,       )

      )

      Defendant.       )

CASE ID: CI 14 5208

**PROOF OF MAILING AND/OR SERVICE**

---

STATE OF IOWA       )

      ) ss.

COUNTY OF POTTAWATTAMIE )

The undersigned, being first duly sworn, deposes and states:

1.       On June 27, 2014 I served the attached Summons and Complaint upon the Defendant named in said Summons.

2.       That said service was accomplished by mailing to such Defendant a copy of said Summons and Complaint, addressed to the registered agent at his address specified in the Summons, by restricted certified mail, said address being his last known business.

3.       That attached hereto is the receipt for restricted certified mailing as required by law.

EDWARD F. NOETHE

Subscribed and sworn to before me by Edward F. Noethe ___7th___ day of

___July___, 2014.

BRENDA M. YOUNG
Commission Number 715781
My Commission Expires

NOTARY PUBLIC

EXHIBIT
D

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Fire & Casualty Co.
C/O Dean Van Loon
222 South 84th Street
Lincoln, NE 68510

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X C. Bradsbey
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

C. Bradsby   Feb 6. 30

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☒ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from serv*   7011 2000 0001 3597 7757

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Image ID:
D00268609D01

**SUMMONS**

Doc. No.   268609

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha        NE 68183

John D Dillard v. State Farm Fire & Casualty Co.

Case ID: CI 14    5208

TO:  State Farm Fire & Casualty Co.

You have been sued by the following plaintiff(s):

John D Dillard

Plaintiff's Attorney:    Edward F Noethe
Address:                 20 North 16th Street
                         Council Bluffs, IA 51501-2501

Telephone:               (712) 328-1566

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JUNE 27, 2014        BY THE COURT:    John M. Friend
                                                  Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

          State Farm Fire & Casualty Co.
          c/o Dean Van Loon
          222 South 84th Street
          Lincoln, NE 68510

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

**SERVICE RETURN**                                    Doc. No.   268609

Douglas District Court
1701 Farnam
Omaha                    NE 68183

To:
Case ID: CI 14    5208 Dillard v. State Farm Fire & Casualty Co

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                        _____

Mileage ____miles           _____

    TOTAL               $ _____

Date: _____    BY: _____
                                      (Sheriff or authorized person)

# CERTIFIED MAIL
## PROOF OF SERVICE
Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                              _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____,_____.

To: State Farm Fire & Casualty Co.         From: Edward F Noethe
    c/o Dean Van Loon                            20 North 16th Street
    222 South 84th Street                        Council Bluffs, IA 51501-2501
    Lincoln, NE 68510

# ATTACH RETURN RECEIPT & RETURN TO COURT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| JOHN D. DILLARD, | ) |
| Plaintiff, | ) |
| vs. | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation, | ) |
| Defendant. | ) |

DOC. _____   NO. _____

**COMPLAINT**

Comes now Plaintiff John D. Dillard and for his Complaint against the Defendant State Farm Fire and Casualty Company states and alleges as follows:

1.     Plaintiff John Dillard is a resident of Omaha, Douglas County, Nebraska.

2.     Defendant State Farm Fire and Casualty Company is a foreign corporation engaged in the selling of insurance including insurance products in Omaha, Douglas County, Nebraska.

3.     On or about May 24, 2012 the Plaintiff John D. Dillard purchased an insurance policy, policy no. 97-BJ-R123-3, concerning a property he had recently purchased commonly known as 4912 North 15th Street, Omaha, Douglas County, Nebraska.  A copy of the policy is attached, marked as Exhibit "1" and incorporated herein by reference.

4.     The policy was a stated value policy which had a coverage limit on the dwelling of $80,000.00.

5.     The policy also contained personal property coverage with a limit of $4,000.00.

6.     On or about May 30, 2012 a fire destroyed the house in question and

destroyed personal property.

7.    The insurance policy provided coverage for the loss caused by the fire.

8.    The Plaintiff John Dillard has complied with all required conditions of the insurance policy.

9.    Demand has been made upon the Defendant State Farm Fire and Casualty Company but the Defendant has refused to pay for the loss.

10.    Defendant State Farm Fire and Casualty Company has breached the insurance policy by failing to pay for the loss as covered under the insurance policy.

11.    Plaintiff is entitled to an attorney fee under Neb. Rev. Stat. 44-359.

Wherefore, Plaintiff John D. Dillard prays for judgment in his favor and against the Defendant State Farm Fire and Casualty Company for his damages, attorney fees, costs and interest as allowed by law.

JOHN D. DILLARD, Plaintiff,

EDWARD F. NOETHE, #18377
McGinn, McGinn, Springer & Noethe
20 North 16th Street
Council Bluffs, IA 51501
Telephone: 712-328-1566
Facsimile: 712-328-3707
Email: enoethe@mcginnlawfirm.com
ATTORNEY FOR PLAINTIFF

 **StateFarm™**

## Certified Policy Record

I, the undersigned, do hereby confirm that I am custodian of the records pertaining to the issuance of policies by State Farm Fire and Casualty Company.

I certify that the attached documents represent a true and accurate record of the terms and conditions of Policy Number 97-BJ-R123-3 including any endorsements and/or inserts, if applicable, for the policy term(s) 5/24/2012 to 5/24/2013 and insuring DILLARD, JOHN D of 4938 N 15TH ST, OMAHA NE 68110-1436 with a risk location of 4912 N 15TH ST , OMAHA NE 68110-1436 based on available records.

The following endorsements and/or inserts are included:
FP /8103/3 SPECIAL FORM
FE /8227/3 AMENDATORY END
FE /7540 DEBRIS REMOVAL
FE /5727 FUNGUS EXCL
FE /5861 ACV DEPRECIAT
FE /5801 REPORTING END

The policy was in effect on the loss date of 05/30/2012.
The policy was cancelled effective 08/18/2012.

Connie Wenzl
Leadership Development Associate



EXHIBIT
" 7 "

1004516

2000 143551 200 03-21-2012

STATE FARM FIRE AND CASUALTY COMPANY
A Stock Company with Home Offices in Bloomington

P.O. Box 82542, Lincoln NE 68501-2542

**DECLARATIONS PAGE**   AMENDED MAY 24 2012

| Policy Number: | 97-BJ-R123-3 |
|---|---|

| Policy Period: | Effective Date: | Expiration Date: |
|---|---|---|
| 12 Months | MAY 24 2012 | MAY 24 2013 |

The policy period begins and ends at 12:01 AM standard time at the residence premises.

Named Insured

F-06-9623-FB2D

DILLARD, JOHN D
4938 N 15TH ST
OMAHA NE 68110-1436

Mortgagee
JOHN DILLARD
4912 N 15TH ST
OMAHA NE 68110-1436

# RENTAL DWELLING POLICY - SPECIAL FORM 3

**Automatic Renewal -** If the **policy period** is shown as **12 months**, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

Location of Premises:
4912 N 15TH ST
OMAHA NE 68110-1436

Named Insured: Individual

| | Coverages & Property | Limits of Liability | |
|---|---|---|---|
| | SECTION I | | |
| A | Dwelling | $ | 80,000 |
| | Dwelling Extension | $ | 8,000 |
| B | Personal Property | $ | 4,000 |
| C | Loss of Rents | $ | Actual Loss |
| | SECTION II | | |
| L | Business Liability | | |
| | (Each Occurrence) | $ | 300,000 |
| | Annual Aggregate | $ | 600,000 |
| M | Medical Payments | | |
| | (Each Person) | $ | 1,000 |

Inflation Coverage Index:   222.9
Deductibles - Section I
BASIC                                           $        1,000

In case of loss under this policy, the deductibles will be applied per occurrence and will be deducted from the amount of the loss. Other deductibles may apply - refer to your policy.

| Forms, Options & Endorsements | | Policy Premium | $ | 683.00 |
|---|---|---|---|---|
| Special Form 3 | FP-8103.3 | | | |
| Amendatory Endorsement | FE-8227.3 | | | |
| Debris Removal Endorsement | FE-7540 | | | |
| Fungus Exclusion | FE-5727 | | | |
| Actual Cash Value Endorsement | FE-5861 | | | |
| Mandatory Reporting Endorsement | FE-5801 | | | |

———————— Other Limits and exclusions may apply - refer to your policy ————————

Your policy consists of this page, any endorsements and the policy form. Please keep these together.

FP-8001.3C

MAS                              Prepared  Aug 05 2013

Ron Niederhaus
402-333-5104

FE-8227.3
Page 1 of 2

# AMENDATORY ENDORSEMENT
## (Nebraska)

**SECTION I – CONDITIONS**

The following Condition is added:

**Real Property.** When this policy is written to insure any real property in the state of Nebraska against loss by fire, lightning, tornado, windstorm or explosion, and the property insured is wholly destroyed without criminal fault on the part of any **insured** or their assignee:

a. in consideration of the premium charged, the amount of insurance written on such real property:

   (1) will be one of the following:

      (a) the cost to repair or replace the destroyed property subject to Section I – Loss Settlement provisions, while such real property is under construction and until the dwelling is completed and approved for occupancy; or

      (b) the applicable Coverage A limit of liability shown in the **Declarations**, once the dwelling is completed and approved for occupancy; and

   (2) will be taken conclusively to be the true value of the property insured and the true amount of loss and measure of damages; and

b. our payment may exceed the amount of insurance written on such real property if **Option ID – Increased Dwelling Limit** is shown in the **Declarations.**

**Appraisal** is replaced with the following:

**Appraisal.** If you and we fail to agree on the amount of loss, either one can request an appraisal of the loss. However, both parties must agree to the appraisal. In this event, each party shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of their written agreement to the appraisal. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agree upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss.

Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

**Loss Payment,** reference to "60 days" is changed to "30 days".

**SECTION II – CONDITIONS**

**Other Insurance – Coverage L – Business Liability** is replaced with the following:

**Other Insurance – Coverage L – Business Liability.** You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this coverage. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable limit of liability under this coverage bears to the limits of insurance of all insurance covering on the same basis.

**SECTION I AND SECTION II – CONDITIONS**

**Concealment or Fraud** is replaced with the following:

**Concealment or Fraud.** No misrepresentations or warranty made by the **insured** or on his behalf in the negotiation or application for this policy shall defeat or void the policy or effect our obligation under the policy unless such misrepresentation or warranty:

a. was material;

b. was made knowingly with the intent to deceive;

c. was relied and acted upon by us; and

d. deceived us to our injury.

The breach of a warranty or condition in this policy shall not void the policy or allow us to avoid liability unless such breach exists at the time of the loss and contributes to the loss.

This policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance after a loss.

**Cancellation** paragraph b. is replaced with the following:

b. We may cancel this policy only for the reasons stated in this condition. We will notify you in writing of the reason for cancellation and the date cancellation takes effect. This cancellation notice

CONTINUED

FE-8227.3
Page 2 of 2

will be mailed to you at your mailing address shown in the **Declarations**. If sent by first-class mail, a United States Postal Service certificate of mailing shall be sufficient proof of receipt of notice on the third calendar day after the date of certificate:

(1) When you have not paid the premium, we may cancel at any time by notifying you at least 10 days before the date cancellation takes effect. This condition applies whether the premium is payable to us or our agent or under any finance or credit plan.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason. We may cancel by notifying you at least 60 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

    (a) if there has been a material misrepresentation of fact which, if known to us, would have caused us not to issue this policy;

    (b) if the risk has changed substantially since the policy was issued;

    (c) if an **insured** has submitted a fraudulent claim;

(d) if an **insured** violates any of the terms or conditions of the policy;

(e) upon certification to the Director of Insurance of loss of reinsurance by us which provided coverage to us for all or a substantial part of the underlying risk insured; or

(f) upon determination by the director that the continuation of the policy could place us in violation of the insurance laws of this State.

We may cancel this policy by notifying you at least 60 days before the date cancellation takes effect.

(4) When this policy is written for a period longer than one year, we may cancel for any reason at anniversary. We may cancel by notifying you at least 60 days before the date cancellation takes effect.

Non-Renewal is replaced with the following:

Non-Renewal. We may elect not to renew this policy. If we elect not to renew, a written notice will be mailed to you at your mailing address shown in the **Declarations**. The notice will state the reason for non-renewal and will be mailed at least 60 days before the expiration date of this policy. If sent by first-class mail, a United States Postal Service certificate of mailing shall be sufficient proof of notice on the third calendar day after the date of certificate.

FE-8227.3

FE-7540
(9/89)

## DEBRIS REMOVAL ENDORSEMENT

**SECTION I - ADDITIONAL COVERAGES**

Debris Removal is replaced by the following:

1. **Debris Removal.** We will pay the reasonable expenses you incur in the removal of debris of covered property when coverage is afforded for the peril causing the loss. This expense is included in the limit applying to the damaged property.

   We will pay up to $500 in the aggregate for each loss to cover the reasonable expenses you incur in the removal of tree debris from the **residence premises** when the tree has damaged property covered under Coverage A.

   When the amount payable for the property damage plus the debris removal expense exceeds the limit for the damaged property, an additional 5% of that limit is available for debris removal expense.

**All other policy provisions apply.**

FE-7540
(9/89)

FE-5727

# FUNGUS (INCLUDING MOLD) EXCLUSION ENDORSEMENT

## DEFINITIONS

In all policies, the following definition is added:

"fungus" means any type or form of fungi, including mold or mildew, and any mycotoxins, spores, scents or byproducts produced or released by fungi.

## SECTION I - LOSSES NOT INSURED

In SPECIAL FORM 3 policies only, item 1.j. is replaced by the following:

j.  rust, or wet or dry rot;

The following is added to item 2. of Losses Not Insured in SPECIAL FORM 3 policies or under Losses Not Insured in BASIC MODIFIED REPLACEMENT COST - FORM 1 policies:

Fungus, including the growth, proliferation, spread or presence of fungus, and including:

(1) any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the described premises or location of the rebuilding, repair or replacement of that property, by fungus;

(2) any remediation of fungus, including the cost or expense to:

(a) remove or clean the fungus from covered property or to repair, restore or replace that property;

(b) tear out and replace any part of the building or other property as needed to gain access to the fungus;

(c) contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the fungus; or

(d) remove any property to protect it from the presence of or exposure to fungus;

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of fungus, whether performed prior to, during or after removal, repair, restoration or replacement of covered property; or

(4) any increased cost caused by the presence of fungus to repair or replace covered property damaged by an otherwise covered loss.

## SECTION II - EXCLUSIONS

In all policies, the following exclusion is added to item 1.:

l.  any:

(1) bodily injury, personal injury, or property damage arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any fungus at or from any source or location; or

(2) loss, cost or expense arising out of any:

(a) request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate or dispose of or in any way respond to or assess the effects of fungus; or

(b) claim or suit for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of fungus.

All other policy provisions apply.

FE-5727

FE-5861
Page 1 of 1

## ACTUAL CASH VALUE ENDORSEMENT
## (Depreciation)

Any loss settlement made on an actual cash value basis is subject to a deduction for depreciation.

FE-5861

FE-5801
Page 1 of 1

 ## FE-5801 MANDATORY REPORTING ENDORSEMENT

The following **CONDITION** is added:

**Duties of an injured Person -- Coverage M – Mandatory Reporting.** The injured person, or, when appropriate, someone acting on behalf of that person, shall:

a. provide us with any required authorizations; and

b. submit to us all information we need to comply with state or federal law.

FE-5801

©, Copyright, State Farm Mutual Automobile Insurance Company, 2009