## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN C. DILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV219 |
| | ) | |
| V. | ) | |
| | ) | |
| STATE FARM FIRE AND | ) | ORDER |
| CASUALTY COMPANY, a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

In this action, Plaintiff seeks to recover insurance proceeds stemming from a 2012 fire which occurred at a house he owned. The residence was located at 4912 North 15th Street, in Omaha, Nebraska. It appears Defendant will argue that there is no insurance coverage because Plaintiff set the subject fire, or was involved in planning the fire.

Plaintiff has filed a Second Motion in Limine ([filing 30](filing 30)), seeking an order precluding Defendant from making any reference to a 2004 fire which occurred at another residence owned by Plaintiff. Plaintiff also wants an order preventing Defendant's experts from testifying that Plaintiff set or was involved in planning the subject fire or the 2004 fire. Further, Plaintiff seeks an order barring Defendant from mentioning any previous criminal charges filed against him. Finally, Plaintiff requests that the Court prohibit Defendant from referencing or producing evidence of Plaintiff's religious beliefs.

Defendant concedes Plaintiff's Motion as it relates to the mention of previous criminal charges. Therefore, Plaintiff's Motion in Limine will be granted as it relates to that point.

Also, Defendant has agreed to only mention Plaintiff's religious beliefs, opinions, practice, involvement and/or qualifications in response to Plaintiff's reference to the same. Nevertheless, the admissibility of such evidence will be evaluated at the time of trial in the context of the testimony and any objections thereto.

With respect to the testimony of Defendant's expert witnesses, the Court agrees that these individuals should not be permitted to testify that it was, in fact, Plaintiff who started the fire. The Court agrees that a fire investigator possessing knowledge beyond that of jurors should be permitted to testify as to observed facts. It does not follow from this, however, that those individuals should be able to testify as to the ultimate conclusion, that is, *who* actually started the fire. Defendant's experts may certainly testify regarding their investigatory findings and knowledge of facts, but they may not testify as to identity of the individual responsible for starting the fire. Accordingly, Plaintiff's Motion in Limine will be granted as to this matter.

The Court will likewise grant Plaintiff's Motion in Limine as it relates to all evidence concerning the 2004 fire. Under Federal Rule of Evidence 404, evidence of other wrongs or acts is inadmissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. However, evidence of other wrongs or acts may be admissible for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." [Fed. R. Evid. 404](). In this case, Defendant has not shown a sufficient nexus existed between the 2004 fire and the fire in question. The fires are remote in time and appear to be isolated events. Moreover, evidence relating to the 2004 fire is inadmissible under Federal Rule of Evidence 403 because the prejudicial effect of the evidence outweighs its relevance. [Fed. R. Evid. 403]().

Accordingly,

**IT IS ORDERED** that Plaintiff's Second Motion in Limine ([filing 30]()) is granted, in part, as set forth above.

**DATED December 3, 2015.**

        **BY THE COURT:**

        **S/ F.A. Gossett**
        **United States Magistrate Judge**